**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTOPHER MONTERROSO, | No. 20-55980 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00255-CAB-BGS |
| v. | |
| CITY OF SAN DIEGO; MATTHEW PURDY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 31, 2021[**]
Pasadena, California

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Kristopher Monterroso appeals the district court's order granting qualified

immunity to defendant Officer Matthew Purdy and dismissing Monterroso's 42

U.S.C. § 1983 action for failure to state a claim.  The parties are familiar with the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

facts as alleged so we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks and citation omitted). The district court held that Officer Purdy had probable cause to arrest Monterroso for driving under the influence, so Officer Purdy did not violate his Fourth Amendment rights.

A warrantless arrest does not violate the Fourth Amendment "if the officer has probable cause to believe that the suspect committed a crime in the officer's presence," *id.* at 586, or an offense "has been . . . committed by the person being arrested," *Rodis v. City, Cnty. of S.F.*, 558 F.3d 964, 969 (9th Cir. 2009) (internal quotation marks and citation omitted).[1] "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Wesby*, 138 S. Ct. at 586 (internal quotation marks and citation omitted). "[O]fficers may draw on their own experience and specialized training to make inferences from and

---

[1] Under California Vehicle Code section 23152, it is illegal to drive "under the influence of any alcoholic beverage" or "any drug."

2

deductions about the cumulative information available to them that might well elude an untrained person." *Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006) (internal quotation marks and citations omitted). "Probable cause is not a high bar." *Wesby*, 138 S. Ct. at 586 (internal quotation marks and citation omitted). "It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* (internal quotation marks and citation omitted).

We exercise our discretion to consider only the second step of the qualified immunity analysis. *See Evans v. Skolnik*, 997 F.3d 1060, 1067 (9th Cir. 2021). We may affirm the district court on any ground supported by the record. *See Bill v. Brewer*, 799 F.3d 1295, 1299 (9th Cir. 2015). Regardless of whether Officer Purdy had probable cause to arrest Monterroso, the arrest did not violate clearly established law. *See Wesby*, 138 S. Ct. at 589. No precedent places it beyond debate that Officer Purdy violated Monterroso's constitutional rights by arresting Monterroso in these alleged circumstances. We give no weight to *Neidermeyer v. Caldwell*, 718 F. App'x 485 (9th Cir. 2017), a non-precedential disposition, which in any event merely identifies some facts that supported probable cause but does not hold that the lack of such factors vitiates probable cause, *see id.* at 486–87.

**AFFIRMED.**

3